IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMIE W., <br><br>    Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br>    Defendant. | Case No. 2:22-cv-00804-CMR <br><br> MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S FINAL DECISION <br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 9). 28 U.S.C. § 636(c). Plaintiff Jamie W. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). The court has carefully reviewed the record (Certified Administrative Transcript (Tr.), ECF 10), the parties' briefs (ECF 11, 18, 19), arguments presented at the hearings held on February 26 and 28, 2024 (ECF 28, 34), and supplemental authority submitted by Plaintiff (ECF 33). For the reasons set forth below, the court hereby GRANTS Plaintiff's Motion for Review of Agency Action (ECF 11) and REVERSES AND REMANDS the decision of the Commissioner.

I.  BACKGROUND

Plaintiff applied for DIB on August 19, 2020, alleging disability as of May 29, 2019 due to due to back, memory issues, concentration deficits, chronic pain, and migraines (Tr. 63, 170). The ALJ found that Plaintiff failed to establish her entitlement to benefits under the agency's five-step sequential evaluation process (Tr. 15–28). *See* 20 C.F.R. § 404.1520(a)(4). As relevant here,

1

at step two, the ALJ found that Plaintiff had severe impairments including depression, anxiety, unspecified neurocognitive disorder, intractable migraine without aura and with status migraines, and back and neck pain (Tr. 17). The ALJ then found at step three that Plaintiff's impairments did not meet or equal the severity of one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18–21). The ALJ found that Plaintiff had the RFC to perform light work with additional limitations: she can occasionally perform postural activities; work that does not require extended exposure to florescent lighting or computer screens; and "simple job instructions and perform work which does not have fixed high production quotas" (Tr. 21). Based on vocational expert testimony, at step five the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy and that she was not disabled under the Act (Tr. 27–28). The ALJ's decision denying Plaintiff's application became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. 20 C.F.R. § 404.981. This court now has jurisdiction under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d

951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### III. DISCUSSION

Plaintiff's opening brief alleges numerous errors in the ALJ's decision, including that the ALJ's RFC determination is not supported by substantial evidence as to the ALJ's use of the words no "fixed high production quotas" in Plaintiff's RFC. This error mandates reversal and remand and is therefore dispositive of Plaintiff's appeal. Accordingly, the court will address only this dispositive issue, and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to explain the inconsistency between the RFC restricting Plaintiff from "fixed high production quotas" (Tr. 21) and the state agency opinions he found persuasive limiting Plaintiff to "low time and productivity pressure and low cognitive load" (Tr. 72). Relying on *Mark V. v. Kijakazi*, 2022 WL 889042 (D. Utah March 25, 2022), Plaintiff argues that the ALJ's lack of explanation for this inconsistency makes it so that the court cannot meaningfully review Plaintiff's RFC determination (*id.*). The Commissioner responds that there is no conflict between work that does not include a "fixed high production quota[]" and work performed in a low stress environment with low time and productivity pressure and that ALJ's intent to formulate a limitation in line with those findings is reasonably discernable (ECF 18 at 16). The Commissioner further argues that even if there is a minor discrepancy, this does not undermine the substantial evidence supporting

3

the ALJ's analysis because the ALJ accurately characterized the remainder of the prior administrative medical findings and the rest of the record (*id.* at 17).

Plaintiff submitted additional caselaw in support of the argument that this discrepancy is reversible error (ECF 33). *See Dellafiora v. Colvin*, No. CIV 15-0871 KBM, 2016 WL 9819855, at *5 (D.N.M. Oct. 27, 2016); *Neil v. Colvin*, No. 12-2334-JWL, 2013 WL 5727391, at *3 (Oct. 22, 2013); *Malik v. Colvin*, No. 12-cv-02982-WYD, 2014 WL 1257070, at *3 (D. Colo. March 27, 2014); *Dettmer v. Colvin*, No. 14-2602-CM, 2016 WL 183513, *4 (D. Kan. Jan. 14, 2016). The court gave the Commissioner an opportunity to submit caselaw or argument in response (ECF 34). The Commissioner failed to submit a response, and the time for doing so has passed.

The ALJ's RFC determination "must always consider and address medical source opinions." *Mark V. v. Kijakazi*, No. 1:20-cv-00131, 2022 WL 889042, at *3 (D. Utah March 25, 2022) (quoting Soc. Sec. Ruling (SSR) 19-8p, 1996 SSR LEXIS 5, at *20). "If an RFC determination 'conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.'" *Id.* (quoting SSR 19-8p). "Where an ALJ 'assigns an RFC that contradicts a medical source opinion, the ALJ must explain why she did not account for the medical opinion in her RFC determination,' and "[f]ailure to do so is grounds for remand." *Id.* (quoting *Gonzales v. Kijakazi*, No. 20-914 KK, 2022 WL 43502, at *9 (D.N.M. Jan. 5, 2022)).

Here, the ALJ found the State Agency psychological consultants to be persuasive (Tr. 25). The ALJ stated that the consultants opined "that the claimant could perform simple instructions that could be learned in one to three months, performed in a low stress setting here expectations regarding pace and productivity are low" (Tr. 25). The exact language used by the State Agency consultants is as follows:

> Conclusion: The clmt has severe psych impairments that do not meet or equal a listing. She has some limitations for Understanding/Memory and CP&P, but she retains sufficient

4

> residual capacity, from a mental health perspective, to perform and persist at simple instructions that can be learned in 1 to 3 months in a low stress environment (i.e., low time and productivity pressure and low cognitive load)

(Tr. 72). The ALJ formulated an RFC that addressed the Plaintiff's mental limitations by stating that Plaintiff "is further able to perform simple job instructions and perform work which does not have fixed high production quotas" (Tr. 21). However, Plaintiff's RFC does not explicitly include a low stress environment limitation, and the ALJ's decision does not explain this apparent inconsistency.

Courts have consistently reversed where the ALJ fails to account for or provide an explanation for an inconsistency between the RFC assessment and a low stress environment limitation in medical opinions the ALJ found persuasive. *See Dellafiora*, 2016 WL 9819855, at *5 (collecting cases) (finding reversible error where the "RFC makes no mention of Dr. Cherry's finding that Plaintiff can perform simple work in a "*low stress* work setting"); *Neil*, 2013 WL 5727391, at *3 (finding reversible error where the RFC "says nothing about a low stress environment"); *Malik*, 2014 WL 1257070, at *3 (finding reversible error where a medical opinion's findings "that Plaintiff should only perform 'low stress' and 'repetitive' jobs are not included in the ALJ's RFC"); *Dettmer v. Colvin*, 2016 WL 183513, *4 (finding reversible error where "the ALJ accepted Dr. Graham's opinion that plaintiff required a low-stress, low-pressure job, but failed to incorporate that limitation in the RFC."). Accordingly, due to the ALJ's failure to explain the inconsistency between the RFC determination and the low stress environment limitation by the state agency consultants, the court reverses and remands the case for further consideration.

In addition, the hypothetical question to the VE mirrored the language in the RFC, not the language provided by the medical opinions. The ALJ asked the VE about the existence of jobs that

do not have fixed high production quotas (Tr. 58). The VE was never asked any questions regarding the need to have "low time and productivity pressure and low cognitive load." Moreover, the VE was not asked any questions that incorporated a need for a "low stress environment." Hypothetical questions should be crafted carefully to reflect a claimant's RFC, because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d at 1492 (10th Cir. 1991); *Smith v. Barnhart*, 172 Fed. App'x 795 (10th Cir. 2006). In *Summers v. Astrue*, the court found reversible error where the ALJ's hypothetical question to the VE did not include the need to identify work which could be performed in a "low stress atmosphere." *Summers v. Astrue*, No. CIV-10-311-HE, 2011 WL 1085980, at *3 (W.D. Okla., Feb. 22, 2011). Similarly, here the ALJ did not pose any questions to the VE that incorporated the need for the Plaintiff to work in a "low stress environment," which is reversible error.

      Nowhere in the ALJ decision or the questions posed to the Vocational Expert (VE), does the ALJ define what is meant by "high" production quotas. This undefined term makes it difficult to determine if the jobs provided are in line with the medical expert's opinion requiring "low time and productivity pressure and low cognitive load." The RFC's restriction from "high" production quotas does not necessarily mean that the "low" productivity limitation is accounted for. In fact, the court is unable to discern what is meant by "high" productivity as it is stated in the RFC. As written, the court is unable to determine if the ALJ's RFC determination is consistent with the medical opinions or with the jobs provided by the VE, and the ALJ's decision is therefore not supported by substantial evidence.

## IV. CONCLUSION

For these reasons, the ALJ's decision is REVERSED and REMANDED. Consistent with the findings above, and pursuant to sentence four of 42 U.S.C. § 405(g), the court REMANDS this matter for further administrative proceedings.

DATED this 28 March 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District court for the District of Utah