IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAIME W.,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [40] PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br>Case No. 2:22-cv-00804-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is attorney Marva Match's (Plaintiff's Counsel) Motion for Attorney Fees (Motion) (ECF 40) pursuant to 42 U.S.C. § 406(b). Defendant Commissioner of Social Security (Defendant or Commissioner) neither supports nor opposes counsel's request for attorney's fees (ECF 41). For the reasons stated below, the court GRANTS the Motion.

## I. BACKGROUND

Plaintiff Jaime W. (Plaintiff) hired Plaintiff's Counsel on a contingency-fee basis to represent her in federal court for claims arising from the Commissioner's decision denying her application for disability insurance benefits (ECF 40 at 13; ECF 40-2 at 10–11). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be twenty-five percent of the past-due benefits awarded based on Plaintiff's claims (ECF 40-2 at 11).

On December 23, 2022, Plaintiff filed her appeal of the decision of the Commissioner in this court (ECF 1). On March 28, 2024, the court remanded the case for further administrative proceedings (ECF Nos. 35 and 36). Plaintiff's Counsel thereafter requested an award of $7,500 in attorneys' fees under the Equal Access to Justice Act (EAJA) (ECF 37), which the court granted (ECF 39). On October 21, 2025, the Social Security Administration (SSA) awarded Plaintiff $102,792 in past-due benefits (ECF 40-2 at 3). Of the past-due benefits, the SSA withheld $9,200

to pay Plaintiff's Counsel for the agency representation fees under § 406(a)(4) (*see id.*). The SSA also withheld $25,698 for court representation fees under § 406(b) (*see id.* at 4).

On November 7, 2025, Plaintiff's Counsel filed the instant Motion seeking an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) (ECF 40 at 1). In accordance with the fee contract signed by the Plaintiff (ECF 40-2), Plaintiff's counsel requests a fee in the gross amount of $23,998 (*id.*). Plaintiff's Counsel further requests that the gross amount be reduced by $7,500 (the previously awarded EAJA fees), resulting in a net total fee of $16,498.00 (*id.*).

The Commissioner filed a Response stating it neither supported nor opposed Plaintiff's Counsel's request for attorney fees in the amount of $23,998 and requested that the court's order regarding fees "distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purposes" (ECF 41 at 2–3). Plaintiff did not file a reply, and the time to do so has expired.

## II. LEGAL STANDARD

### A. Reasonableness of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)

42 U.S.C. § 406(b)(1)(A) provides that whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may award "a reasonable fee . . . not in excess of 25 percent of the past-due benefits."[1] Although contingent-fee agreements are permissible, courts make an independent determination of whether

[1] The Supreme Court in *Culbertson v. Berryhill* clarified that the statutes authorize "two pools of withheld benefits": one for *agency* representation fees (§ 406(a)(4)) and another for *court* representation fees (§ 406(b)(1)(a)). 586 U.S. 53, 62 (2019). Here, Plaintiff's Counsel seeks *court* representation fees, as the SSA has already withheld the *agency* representation fees *see* ECF 40-2 at 3). Although the SSA has already withheld agency representation fees from the past-due benefits, this does not statutorily limit the amount the court can award for court representation. *Culbertson*, 586 U.S. at 62 (finding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation," not to the aggregate fees awarded for agency representation and court representation). In short, Plaintiff's Counsel may still be awarded up to twenty-five percent of the past-due benefits for court representation despite already being awarded agency representation fees.

the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . . achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808 (2002). The attorney seeking fees bears the burden of demonstrating that the requested award is reasonable for the services rendered. *Id.*

In determining the reasonableness of fees under § 406(b) (§ 406(b) Fees), courts consider the character of the representation and the results achieved, whether "the attorney is responsible for delay . . . during the pendency of the case in court" or whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Accordingly, even when the requested fees fall within the statutory twenty-five percent limit, the court may reduce the award if the circumstances warrant. *Id.*

**B. Offsetting § 406(b) Fees by Previously Awarded EAJA Fees**

An attorney may receive § 406(b) Fees and EAJA fees but must refund the smaller award to the claimant to prevent double recovery. *Gisbrecht*, 535 U.S. at 796. Although the Tenth Circuit has expressed a preference for counsel to refund the smaller award directly to the claimant, it has not categorically prohibited satisfying that obligation by deducting the previously received EAJA fees from the § 406(b) Fees. *Martinez v. Berryhill*, 699 F. App'x 775, 776–77 (10th Cir. 2017) ("Although we disfavor this method of handling 'refunds' of EAJA fees to a claimant, we have not categorically ruled it out as improper.").

However, where counsel requests to offset the amount of § 406(b) Fees by the amount of previously awarded EAJA fees, the court must first determine the reasonableness of the *gross* amount of § 406(b) Fees. *See Lucas v. Dudek*, No. 2:23-cv-00226-DAO, ECF 52, at *9–10 (D. Utah May 8, 2025) ("Next, the court considers the reasonableness of a *gross fee* award [] based on the *Gisbrecht* factors." (emphasis added)). After determining the reasonableness of the gross

amount of § 406(b) Fees, the court may offset the gross amount by the amount of the previously awarded EAJA fees, permitting counsel to retain the previously awarded EAJA fees in partial satisfaction of the § 406(b) Fees. *Id*.

## III. ANALYSIS

### A. Reasonableness of the Gross Amount of § 406(b) Fees

Plaintiff's Counsel seeks the court's authorization and award of § 406(b) Fees in the gross amount of $23,998 (ECF 40 at 1). Here, twenty-five percent of the past-due benefits would equal $25,698. Plaintiff's Counsel's requested fee award of $23,998 for court representation is less than twenty-five percent of past-due benefits. Pursuant to *Gisbrecht*, the court will examine whether the gross fee request is reasonable.

First, the record shows no indication that Plaintiff's Counsel caused any undue delay in resolving Plaintiff's claims. On December 23, 2022, Plaintiff filed her appeal (ECF 1). On March 28, 2024, the court remanded the case for further administrative proceedings (ECF Nos. 35 and 36), and on October 21, 2025, the SSA awarded Plaintiff's past-due benefits (ECF 40-2 at 3). On November 7, 2025, Plaintiff's Counsel filed the instant Motion (ECF 40). Thus, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits. Therefore, the court finds no basis to reduce Plaintiff's Counsel's award based on undue delay.

Next, the court may reduce the attorney's fees award if it is disproportionate to the time Plaintiff's Counsel spent on the case. Here, Plaintiff's Counsel represents that 46.9 hours were spent pursuing Plaintiff's claims before the court (ECF 40-2 at 13). The court's authorization of a $23,998 award results in an hourly rate of approximately $511.68. This is within the range which courts have found reasonable. *See Lucas*, ECF 52, at *9–10 (granting a § 406(b) fee request

resulting in an hourly rate of $833.94); *Gulbransen v. Colvin*, No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable); *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

Accordingly, the court finds that an award of § 406(b) Fees in the gross amount of $23,998 is reasonable in this case.

**B. Request for "Netting" of the EAJA Fees**

As previously stated, when an attorney receives fees under both the EAJA and § 406(b), the attorney must refund the smaller of the two fee awards received to the claimant. *See Gisbrecht*, 535 U.S. at 796. Here, counsel has already received $7,500 (ECF 37). However, instead of refunding the EAJA fees, Plaintiff's Counsel asks the court to subtract or "net" the EAJA fees, such that the § 406(b) amount awarded would be $16,498, representing the difference between the full § 406(b) amount requested ($23,998) and the amount of EAJA fees already received ($7,500) (ECF 40 at 1). The court finds this approach appropriate and grants the request.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the court finds the requested fee amount to be reasonable and finds that Plaintiff's Counsel is awarded § 406(b) Fees in the gross amount of $23,998. Plaintiff's Counsel may retain the $7,550 in fees previously awarded under the EAJA in partial satisfaction of the § 406(b) award. This leaves a net amount of $16,498 due to Plaintiff's Counsel. No separate refund of EAJA fees is required.

Therefore, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED and a net amount of $16,498 is due to Plaintiff's Counsel.

IT IS SO ORDERED.

DATED this 16 November 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah